FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

2018 MAR 28   PM 12: 47

|  |  |
|---|---|
| ) | |
| ) | |
| ) | **Case No:** 6:18-cv-468-Orl-A0DCI |
| ) | |
| ) | |
**DIMITRI PATTERSON,** | ) |
Plaintiff, | ) **DEMAND FOR JURY TRIAL** |
| ) |
| ) |
| ) |
**vs.** | ) |
| ) |
| ) |
| ) |
| ) |
**ESPN, INC.,** | ) |
Defendant, | ) |
| ) |
| ) |
| ) |
| ) |
| ) |
| ) |
| ) |
| ) |

## INTRODUCTION

1.      This action is brought by the Plaintiff, Dimitri Patterson, against the Defendant, ESPN,

Inc., arising from an article published online and on www.espn.com under the headline,

*"Dimitri Patterson in custody after courtroom escape attempt"*, which has been disseminated

globally by ESPN, Inc. throughout the Internet.

1

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C § 1332 and 28 U.S.C § 1357. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and both Plaintiff and Defendant are citizens of different states.

3.      Venue is proper pursuant to 28 U.S.C. 1391, as the Defendant is subject to this Court's personal jurisdiction with respect to this action.

## Parties

4.      Plaintiff, Dimitri Patterson (hereinafter DP), was and continues to be *sui juris,* over the age of 18, and a citizen of the State of Florida.

5.      At all times, material hereto, the Defendant, ESPN, Inc., (hereinafter ESPN), a corporation organized and existing under the laws of the state of Delaware with its principle place of business in Bristol, Connecticut owns, operates, and maintains the Internet Website, www.espn.com, where the article, at all times, was and is continuously maintained on an ongoing basis, in addition to it being disseminated globally. ESPN is the "information content provider" pursuant to 47 U.S.C. § 230 (f)(3).

## Statements of Facts

### DP's Background

6.      DP was born in Miami, FL and is 34 years of age.

7.      DP played in the NFL for ten years.

8.      DP has one biological child who is 11-years-old.

9.      DP has never been charged with a crime by the State of Florida pursuant to Florida law.

## Satisfaction of Condition Precedent

10.     DP has provided notice to the Defendant as required by Fla. Stat. 770.01, and has
satisfied all conditions precedent to the filing of this lawsuit. The Defendant has waived all
conditions precedent to the filing of this lawsuit. True and correct copies of the Fla. Stat.
770.01 Notice Letters are attached hereto. See **Exhibit "B"**. The Defendants have not
complied with the demands for retractions of the defamatory and libelous statements, by way
of publishing any such retractions.

## Defamatory Statements by The ESPN, Inc. Article

11.     On August 15, 2017, James Walker, an employee of ESPN, authors a defamatory article
entitled, *"Dimitri Patterson in custody after courtroom escape attempt"* (hereinafter "The
Article"), which ESPN published to third parties. See attached hereto **Exhibit "A"**

12.     The Article is false and defamatory in its overall portrayal of DP as a violent, impulsive,
unstable person. The article is also false in many of its particulars. This action is predicated
both on what The Article communicates as a whole, including the headlines, captions, and
the numerous defamatory statements concerning DP contained within the article.

13.     Initially, Article 1 attempts to assassinate DP's character by stating that, "Dimitri
Patterson injured two police officers while trying to abruptly exit a Miami-Dade courthouse

3

and avoid being arrested, according to local police", which is completely false. See **Exhibit "A"**

14. The Article then states that, "A female officer suffered neck and back injuries, and a male officer injured his wrist while apprehending Patterson," which is false. See **Exhibit "A"**

15. The Article continues by stating that, "Dimitri Patterson appeared in a family court hearing on Tuesday due to a prior incident" which is false. See **Exhibit "A"**

16. The Article makes false claims by stating that, "Dimitri Patterson could face additional charges", which was completely false at the time of publication. See **Exhibit "A"**

17. The Article continues character assassination of DP by stating that, "When the judge ordered Dimitri Patterson's arrest, Dimitri Patterson attempted to bolt from the courtroom and tackled two officers, police said", which is a total fabrication. See **Exhibit "A"**

## Falsity

18. The Article is false in its overall defamatory portrayal of DP as a violent, impulsive, and unstable person. The Article is also defamatory in many of its specific details.

19. DP never ran out of a courtroom at the Lawson E. Thomas Courthouse in downtown Miami, nor did he injure any polices officers, nor did a Judge order for him to be taken into custody. There are cameras outside and inside the courtroom, which supports this, and there is no legal documentation that exists of a judge holding DP in contempt of court.

20.    DP was never facing additional charges, nor was there a legal "family court" hearing
requiring DP to be at the Lawson E. Thomas Courthouse, which can easily be proven by
requesting copies of certified court records from the Clerk.

## Fault

21.    ESPN published The Article with negligence, gross irresponsibility, and with actual
malice. ESPN knew that they were publishing a devastating portrait of DP as a violent,
impulsive, unstable, heartless, and cruel person. ESPN never did due diligence to find the
facts surrounding the unlawful arrest on April 15, 2017 by Miami-Dade Police officers. They
were negligent in securing certified court documentation and video footage. In addition, they
did not make legitimate contact with court officials, the county Clerk's office, or the family
members of DP that were present and actually witnessed what happened at the Lawson E.
Courthouse.

22.    Had the court officials, the county clerk's office, family members, or any other credible
source(s) close to the incident been contacted, the story would have collapsed and imploded.
Had there been a scintilla of attempted verification and proper due diligence, the story
published by ESPN would have been readily exposed as a complete fabrication. Yet, ESPN
deliberately avoided the truth, by publishing their false and sensational claims based solely
on the accusations of a single, biased source with no attempt of corroboration. This was not a
case in which the journalist relied on a dependable verified source. This was the case where
the only source of the story was a single, biased fabricated police report by the Miami-Dade
Police Department who has an extensive history of using excessive force in arrests (See
Department of Justice probes for 2002 & 2013).

23.    To publish in this manner was not just mere negligence, but it was gross, irresponsible
publishing without due consideration for the standards of information gathering and

dissemination ordinarily followed by responsible parties. Beyond gross irresponsibility, to publish under these circumstances, was to publish recklessly and deliberately by turning a blind eye to any effort to determine the truth. Such intentional avoidance of the truth in fear that an in-depth investigation would derail an irresistible story is actual malice, when publishing with reckless disregard for truth or falsity.

## Count I- Defamation- Libel-Libel Per Se
## ESPN, Inc.

24.     The Plaintiff, DP, repeats and re-alleges paragraphs 1-23 of this Complaint, inclusive, as if fully stated herein.

25.     On August 15, 2017, ESPN wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The defamatory statements prove to be defamation and *libel per se.*

26.     DP seeks recovery of actual, presumed, and punitive damages.

27.     DP has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere, as a direct and proximate result of ESPN's cynical exploitation of the reputation of DP, who is entitled to damages and injunctive relief.

# Relief

**WHEREFORE**, the Plaintiff, DP, respectfully demands judgment against the Defendant as follows:

A.    A judgment for damages in the amount of fifty million ($50,000,000.00) dollars pursuant to 28 U.S.C 1357.

B.    Presumed damages in an amount to be determined by the court, but in no circumstances less than thirty million ($30,000,000.00) dollars.

C.    Punitive damages against the Defendant in an amount to be determined by the Court.

D.    Injunctive Relief ordering the removal of the defamatory Article from www.espn.com and all online search engines worldwide for eternity.

E.    For such other and further relief for the Plaintiff, DP, as the Court deems just and equitable.

Dimitri Patterson
3701 Wilshire Blvd #530
Los Angeles, CA 90010
The1king83@gmail.com email
213-739-2800 fax
407-420-7734 phone